UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI LOUISE BANZET, | No. 2:15-cv-1173-TLN-EFB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CAROLYN COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion must be denied and the Commissioner's motion be granted.

I.  BACKGROUND

Plaintiff filed an application for SSI, alleging that she had been disabled since March 15, 2010.[1] Administrative Record ("AR") 181-190. Her application was denied initially and upon reconsideration. *Id*. at 111-115, 122-127. On August 27, 2013, a hearing was held before

---

[1] Plaintiff subsequently amended her disability onset date to February 28, 2011. AR 52-53.

administrative law judge ("ALJ") David R. Mazzi. *Id*. at 59-75.  Plaintiff appeared and testified and was represented by counsel. *Id*.

On October 21, 2013, the ALJ issued a decision finding that plaintiff was not disabled as defined by section 1614(a)(3)(A) of the Act.[2]  *Id*. at 44-51.  The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since November 14, 2011, the application date (20 CFR 416.971, *et seq*.).

2. The claimant has the following severe impairments: affective disorder and substance abuse disorder (20 CFR 416.920(c)).

\* \* \*

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to physically perform at least medium work, as defined in 20 CFR 416.967(c), and is able to sustain simple, repetitive tasks equating to unskilled work.

\* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on October 26, 1961 and was 50 years old, which is defined as an individual closely approaching advanced age (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, at any time since November 14, 2011, the date on which the application was filed (20 CFR 416.920(g)).

*Id*. at 46-51.

Plaintiff's request for Appeals Council review was denied on August 14, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 16-22.

II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    ANALYSIS

Plaintiff's motion for summary judgment consists primarily of a brief description of her impairments and a summary of the medical treatment she anticipates receiving. *See generally* ECF No. 19. She states that she has anxiety, COPD, and memory problems. *Id*. at 3-4. She notes that she is currently scheduled to undergo a wellness program, which will include mental health counseling, chiropractic care, nutrition, fitness, and sleep apnea tests. *Id*. at 4. She also requests that the court consider 98 pages of recent medical records, which are not part of the administrative record and were generated after the ALJ issued his decision. *Id*. at 6-103

Plaintiff's motion, however, advances no argument as to why the ALJ erred in assessing her claim for disability. Although the court is required to liberally construe a pro se litigant's filings, a pro se litigant is still required to establish her right to summary judgment. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Without any claims or argument, the court is unable to grant a party's motion for summary judgment. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden of proving a disability."); *Indep. Towers of Wash. V. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (the court "cannot manufacture arguments for an appellant . . . ."); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (finding that the appellant's failure to develop his argument rendered it incapable

1  of assessment by the court); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2
2  (9th Cir. 2008) (declining to address whether the ALJ properly rejected claims of memory
3  problems because the plaintiff "failed to argue this issue with any specificity in his briefing.").
4      Nonetheless, a careful review of the record in this case indicates that the ALJ's decision is
5  supported by substantial evidence and that the proper legal standard was applied.  With respect to
6  plaintiff's credibility, the ALJ found that plaintiff's statements concerning the intensity,
7  persistence and limiting effects of her symptoms were not fully credible for multiple reasons.  AR
8  48.  The ALJ noted that plaintiff's allegations regarding physical limitations due to back pain
9  were not supported by objective medical findings.  *Id.*  Medical records include x-ray findings of
10 the lumbar spine that were normal and other x-ray reports were also negative.  *Id.* at 354.  A
11 November 2010 internal medicine examination indicated that plaintiff had no physical
12 limitations.  *Id.* at 277.  There was adequate medical evidence for the ALJ to properly discount
13 plaintiff's allegations—which included claims of leg, back, and neck pain—based on these
14 minimal medical findings.  *See Burch*, 400 F.3d at 681 (while an ALJ may not rely solely on a
15 lack of objective medical evidence to support an adverse credibility finding, it is a relevant
16 consideration in assessing credibility).
17     The ALJ also found that plaintiff had been noncompliant with medical treatment.  AR 48.
18 Plaintiff's medical records indicate that she did not always take her medication as prescribed.  *Id*.
19 at 483.  Plaintiff's failure to follow her physician's prescribed course of treatment was a sufficient
20 basis for discounting her credibility.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).
21 The ALJ also rejected plaintiff's allegations of debilitating impairments due to her poor work
22 history, noting that plaintiff had no reported earnings since 2002.  AR 48; 192; *see Thomas v.*
23 *Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ properly found poor work history and lack of
24 propensity to work in lifetime negatively affected claimant's credibility regarding her inability to
25 work).  Thus, the ALJ properly discredited plaintiff's subjective complaints.
26     In regards to medical opinion evidence, the ALJ considered the opinion from plaintiff's
27 treating physician, Dr. R. Dean Jennings, who opined that plaintiff had physical limitations that
28 would preclude the performance of work at all exertional levels.  AR 49, 637-642.  The ALJ

rejected Dr. Jennings' opinion in favor of the opinion of Dr. Noel Serrano, who found no physical limitations. *Id*. at 45, 277. The ALJ concluded that Dr. Jennings' opinion was not supported by objective medical evidence and appeared to be based primarily on plaintiff's subjective complaints. *Id*. at 45. The opinion of a treating physician may be rejected where it is premised primarily on plaintiff's subjective complaints and the ALJ properly discounted plaintiff's credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Jennings specifically opined that plaintiff could never lift or carry any weight over 10 pounds, walk or stand for more than 30 minutes; reach overhead; push or pull; climb stairs, ramps, ladders, or scaffolds; balance; stoop; kneel; crouch; or crawl. AR 637-640. She also opined that plaintiff could never tolerate extreme cold or heat, vibrations, or humidity and wetness. *Id*. at 641. Dr. Jennings indicated that the basis for these severe physical limitations was plaintiff's chronic depression, secondary to PTSD. *Id*. at 639. Given that these severe limitations—which included the inability to ever kneel or reach overhead—were based primarily on plaintiff's chronic depression, the ALJ properly concluded that Dr. Jennings relied heavily on plaintiff's subjective complaints and not objective medical evidence.

      Furthermore, Dr. Serrano, whose opinion was adopted by the ALJ, conducted a comprehensive internal medicine evaluation and concluded that plaintiff had no physical limitations. *Id*. at 274-277. Dr. Serrano's opinion, which was based on an independent examination of plaintiff, constitutes substantial evidence supporting the ALJ's RFC determination. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.").

      The ALJ also considered medical opinion evidence concerning plaintiff's mental limitations. Plaintiff underwent a psychiatric evaluation, which was performed by Dr. Les Kalman. AR 280-283. Based on his evaluation, Dr. Kalman opined that plaintiff is able to deal with the public; understand and carry out basic and uncomplicated job instructions; maintain

6

attention and concentration; and withstand stress and pressures associated with daily work activities. *Id.* at 283. This opinion is consistent with the ALJ's determination that plaintiff maintained the RFC to sustain simple, repetitive tasks equating to unskilled work.

Accordingly, the ALJ's finding that plaintiff is not disabled is free from legal error and supported by substantial evidence in the administrative record.

Plaintiff, however, requests the court to consider additional medical evidence that was obtained after the ALJ's decision and which is not part of the administrative record. ECF No. 19 at 6-103. The court must decline plaintiff's invitation. District courts lack jurisdiction to reverse the Commissioner's decision based on evidence that is not part of the administrative record. *See* 42 U.S.C. § 405(g) ("The court shall have the power to enter, *upon the pleadings and transcript of record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."). Thus, the additional evidence plaintiff submits cannot be considered for the first time in this court in determining the propriety of the ALJ's decision.

This court does, however, have jurisdiction to remand the case to the Commissioner for consideration of new evidence, but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Allen v. Secretary of Health and Human Services*, 726 F.3d 1470, 1473 (9th Cir. 1984). "To be material, the new evidence must bear directly and substantially on the matter in issue" and "there must be a reasonable possibility that the new evidence would have changed the outcome if it had been before the" Commissioner. *Cotton v. Bowen*, 799 F.2d 1403, 1409 (9th Cir. 1986). To establish good cause, the plaintiff must show that she could not have acquired the evidence during the administrative proceedings. *Id.*; *see also Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (noting, where plaintiff had proffered a new medical report without offering any reason why he had not solicited this evidence earlier: "The obvious explanation is that when Key failed to succeed on his disability claim . . . he sought out a new expert witness who might better support his position. The 'good cause' requirement would 'be meaningless if such circumstances were sufficient to allow introduction of new evidence.'");

*Maves v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) ("A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim is denied.").

Here, plaintiff does not specifically ask for remand to consider the new evidence. Instead, she requests that this court issue a decision finding that she is disabled based on the new evidence. ECF No. 19 at 5. As explained above, the court simply cannot do that. However, she does generally style her motion a s requesting "Summary Judgement and/or Remand." ECF No. 19. But even if her motion is construed as a motion for remand for consideration of her recently submitted medical records, she has failed to demonstrate that those additional records are material and that there was a good cause for not producing them at the time of the administrative proceedings. Accordingly, remand of this case to the Commissioner under Sentence Six of 42 U.S.C. § 405(g) is unwarranted.

IV.  CONCLUSION

For the reasons stated above, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment be denied;

2. The Commissioner's cross-motion for summary judgment be granted; and

3. The Clerk be directed to enter judgment in the Commissioner's favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 30, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE